STATE, EX REL. RICE, RELATOR, v. INDUSTRIAL COMMISSION OF OHIO, RESPONDENT.

No. 5643.   Decided September 11, 1957.

BRYANT, J.   This is an original action in mandamus filed in this court. Plaintiff-relator is an attorney-at-law, who alleges he carried forward to a successful conclusion a claim of his client before the Industrial Commission of Ohio, defendant-respondent, whereby said client was found to be entitled to compensation for permanent and total disability but that said respondent has failed to take certain steps alleged to be the legal duty of said respondent, whereby plaintiff has been deprived of a fair and just payment for his services.

Respondent has heretofore filed a motion (1) to require relator to amend his petition and (2) to require relator to strike from his petition certain paragraphs, sentences and words.

This court has heretofore overruled in its entirety the branch as to amending the petition and overruled in part and sustained in part the several branches of the motion to strike.

Both in the decision and the entry pursuant thereto relator was "given leave to file an amended petition." The original petition was spread over five pages of legal size paper. Relator has filed an amended petition spread over two pages. The second, third and fourth paragraphs of the amended petition are labeled as substitutes for paragraph five of page two of the original petition.

The fifth paragraph of the amended petition reads as follows:

"Second, the Relator renews, reiterates and relies upon each and every word, sentence, paragraph and part of his original petition not in conflict with the Court's order herein, the same as though recopied verbatim."

Thus, relator seeks to incorporate in his amended petition by reference all that is permissible from his original petition.

Respondent has moved to "require relator to file a second amended petition consisting of one pleading, viz., one document, stating his cause of action in ordinary and concise language."

Relator has filed a motion in opposition, the latter motion claiming that (1) said motion is without merit; (2) said motion seeks reformation of the pleadings for convenience, only, and (3) said motion ostensibly amounts to nothing but a dilatory plea to delay a hearing of this matter on its merits.

We will first consider the motion of the respondent. As it now stands, relator has not complied with the court's previous order. An amended petition takes the place of the petition and should be complete in itself. This amended petition does not do so, and is in fact not an amended petition at all. The motion of respondent should be and hereby is sustained with leave granted to file an amended petition.

The motion of relator should be and hereby is overruled. Appropriate exceptions noted.

PETREE, P. J., and MILLER, J., concur.